## THOMAS FURLONG v. GEORGE H. BARNES.

A contract, of which time is of the essence, should receive a reasonable construction, having regard to its character and objects and the meaning of the parties, in view of the circumstances under which it was made.

Punctuality, to a minute, in keeping an appointment, is not to be exacted, unless that degree of punctuality is required, according to the substance and spirit of the contract.

When it is disputed whether or not a party has fulfilled his agreement in point of time, the question should be submitted to the jury's determination, upon all the circumstances in proof.

An instruction to a jury, that upon finding that a party failed to appear at a place appointed, at the *precise time* agreed, they might assume that there was a breach of contract, is erroneous, and a sufficient ground for ordering a new trial.

In an action for damages for the non delivery of goods, upon a contract of sale, agreed to be consummated at an appointed time and place, the plaintiff is not required to prove that at that time and place he made formal tender of the purchase-price. It is sufficient to show that he was at the place designated at the hour agreed, in readiness to perform his part of the contract, and that the defendant made default.

THIS was an action on the case, in which the plaintiff charged defendant with a breach of contract, respecting the sale of a quantity of rags, setting forth in his declaration a claim for special damages. At the trial in the Court of Common Pleas, the plaintiff himself testified to the effect that, on a certain day in August, 1862, the defendant at Providence, agreed with the

plaintiff, and promised to sell and deliver to him, on that day, at the Railroad depot in Pawtucket, some ten tons of white rags, to be paid for on delivery, at $4.90 per cwt. ; that, accordingly, between five and six o'clock on that day, the plaintiff and defendant met at said depot, the plaintiff being provided with eight hundred dollars in money and a blank check, which he contemplated filling up and delivering defendant as cash, for the balance that might be due, after paying him the $800 ; that the defendant objected to taking a check for any portion of the price, and thereupon, the rags not having all been weighed out, and the hour of half past six having arrived, beyond which the plaintiff was unable to remain, it was agreed that defendant should meet the plaintiff at plaintiff's place of business, in Providence, the same evening, before nine o'clock, when and where the plaintiff would pay in cash for the rags, upon defendant's delivering to him a Railroad receipt for the same ; that the plaintiff was at his said place of business, until a few minutes after nine o'clock, and that the defendant did not come there ; that the plaintiff, prepared to pay in full for the rags, next morning went to Pawtucket, where he saw the goods at the depot, marked, as the plaintiff had directed, but was told the defendant was absent, by the defendant's brother, who was at defendant's place of business, and who declined giving the plaintiff a bill of the rags, saying he knew nothing about them, and knew not where defendant was ; and that, on the succeeding day, he again went to Pawtucket, prepared, as on the day previous, to pay the bill, when he was shown a writing signed by the defendant, directing the Railroad agent to send the rags to another address. The defendant, in reply, testified to the effect, that between nine and ten o'clock was the time appointed for the meeting in Providence ; that he, the defendant, was at the appointed place at a quarter before nine o'clock, when the person in charge there told him that plaintiff had been there, and left word that he would be there next morning, when he would pay for the rags, to which defendant replied, that would not do ; that he, the defendant, next morning left town, and while absent, sold the rags to another party, at an increased price.

A brother of the defendant was also examined, whose testimony varied from that of the other witness only in that he understood the hour of meeting, in Providence, was agreed to be nine o'clock.

Upon this state of facts, the court, contrary to the request of the defendant, charged the jury, that, under the circumstances as shown by the evidence, the parties had made time the essence of the contract, and that, if the defendant was not at the place appointed at the precise time agreed upon, there was a breach of the contract. Further: the defendant asked the court to instruct the jury, that if there was a misapprehension between the parties as to the time at which they were to meet in Providence, or from any cause they failed to meet at the precise time agreed upon, still, the plaintiff could not, under the state of facts sworn to by the plaintiff and defendant, maintain this action for a breach of the contract, without a previous tender to the defendant of the amount of money due under it. But the court refused so to charge the jury; and did charge, that no tender was necessary.

The jury rendered a verdict against the defendant, who now moved for a new trial, alleging that the above instructions were erroneous.

*Payne, for the motion.*

*Thurston & Ripley, against it.*

DURFEE, J. The evidence reported to us shows, that, on the 6th August, 1862, the defendant, having several tons of rags for sale, agreed to sell them to the plaintiff at the rate of $4.90 per hundred, and that, under the contract as finally concluded, the rags were to be delivered at the Railroad depot, in Pawtucket, that day, and the plaintiff was to pay for them the same evening, at his place of business in Providence, on the defendant's producing to him the Railroad receipt,—though at what time in the evening does not definitely appear. The plaintiff testified that the time was to be sometime before nine o'clock; the defendant, that it was to be between nine and ten; and a witness for the defendant, that it was to be at nine o'clock. There is, however, no dispute that the receipt was to be pro-

duced and the payment made during the evening; and the defendant testified that he had a special reason for desiring to have the contract performed on the day it was made; namely, because he intended to leave home early the next morning on business and wanted the money to take with him. The time was, therefore, material; if, indeed, in a suit at law on an executory contract, it can ever be treated as otherwise than material. *Hill v. Fisher*, 34 Me. R. 143. But, nevertheless, the contract is to receive a reasonable construction, having regard to its character and objects, and to the apparent meaning of the parties in view of the circumstances under which it was made. If, then, a particular time was stipulated, we may still inquire what was meant by the stipulation. By the time designated, did the parties mean that particular time without the variation of a second, or that time subject to the latitude which is usual among business men in the matter of their business appointments? We think, the latter rather than the former. A contract is not to be construed like a railway time-table. The parties to it need not be punctual to a minute, unless the contract calls for that degree of punctuality to carry out its purposes; but it is enough that they are on hand so as to keep their agreement, as regards the time, according to its substance and spirit; and it is the duty of each party to conduct with good faith and reasonable liberality towards the other. Now in this case the court charged the jury, not only that the time agreed on was of the essence of the contract, but also that if the defendant was not at the plaintiff's place of business at the *precise time* agreed on, there was a breach of his contract. This language was, we think, calculated to lead the jury to suppose that they were to find against the defendant if he was in the least behind-hand, even though he might have arrived in time, understanding the stipulation in regard to time in its more reasonable and business-like sense, to perform the contract substantially according to its terms. It should rather have been left to the jury to say whether, giving the contract this broader construction, there was, under all the circumstances, any breach or default on the part of the defendant; and if the case had been so left to them,

it is, to say the least, very doubtful, on the evidence as it is reported to us, whether they would have returned the verdict which they did return. We think, therefore, that for this error in the charge of the court, the defendant is entitled to a new trial.

The defendant also contends that the court erred in refusing to charge the jury that the plaintiff was not entitled to recover without proving a previous tender to the defendant of the amount due under the contract. We do not think the court committed any error on that point. All that the plaintiff could be required to show was, that he was in the appointed place at the appointed time, in readiness to perform his part of the contract, and that the defendant made default; *Hough* v. *Rawson*, 17 Ill. R. 588; *Clark* v. *Crandall*, 3 Barb. S. C. R. 612; unless, indeed, the stipulation as to time and place was subsequently waived or annulled, of which we discover no evidence in the record before us.